IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| **HEATHER WOODARD** and **BRENT WOODARD,** *Individually and as Natural Mother and Father and Next Friends of Their Sons, P.W. and B.W.* | § § § § § § § | **PETITIONERS** |
| v. | § § § | Civil No. 1:26cv76-HSO-BWR |
| **ANDREA SANDERS,** *in Her Official Capacity* | § § | **RESPONDENT** |

**ORDER DISMISSING WITHOUT PREJUDICE EMERGENCY PETITION [1] FOR WRIT OF HABEAS CORPUS FOR LACK OF FEDERAL SUBJECT-MATTER JURISDICTION**

Pro se Petitioners Heather and Brent Woodard ("Petitioners" or the "Woodards") have filed as a single document an Emergency Petition [1] for Writ of Habeas Corpus and Emergency Motion [2] for Temporary Restraining Order and Preliminary Injunction. After due consideration of the record, the Court finds that the Emergency Petition [1] for Writ of Habeas Corpus should be dismissed without prejudice for lack of federal subject-matter jurisdiction. The Emergency Motion [2] for Temporary Restraining Order and Preliminary Injunction is denied as moot.

I. BACKGROUND

Petitioners' vague Petition [1] seems to allege that their young children are apparently in the custody of the Mississippi Department of Child Protection Services ("CPS"). *See* Pet. [1]. Their two-year-old son P.W. is scheduled to have surgery on either "Tuesday or Wednesday of this week," *id.* at 3, based on a "court's

order authorizing surgical procedures for [him], including removal of his adenoids and placement of ear tubes," Ex. [1-1] at 13.

On March 10, 2026, Petitioners filed a pro se Emergency Petition [1] for Writ of Habeas Corpus, naming as Respondent Andrea Sanders, who is the Commissioner of CPS, in her official capacity, and an Emergency Motion [2] for Temporary Restraining Order and Preliminary Injunction.  *See* Pet. [1]; Mot. [2]. Petitioners ask the Court to:

> 1. Issue an **Immediate Temporary Restraining Order** preventing Respondents [sic] from performing any surgeries or other medical procedures on Petitioners['] 2 year old son P.W. and B.W. without their consent.
> 2. Schedule an emergency hearing before the Judges of this Court.
> 3. Issue a Writ of Habeas Corpus requiring Respondents [sic] to produce their sons before this Court and prove they have Constitutional delegation of authority to have physical possession of Petitioners['] Sons P.W. and A.W.
> 4. Order Respondents [sic] to produce all medical records and reports concerning Petitioner [sic] and their sons, and show cause why they should not be charged with Kidnapping and Treason against the people of the United States of America.
> 5. Grant any further relief the Court deems just and proper, including any equitable relief including but not limited to orders necessary to protect Petitioners['] sons's [sic] bodily integrity and Petitioners['] inalienable rights and Fundamental liberty interests.

Pet. [1] at 12 (footnote omitted) (emphasis in original).

## II.  DISCUSSION

"'Federal courts are courts of limited jurisdiction,' possessing 'only that power authorized by Constitution and statute.'" *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (quoting *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994)).  The Court may sua sponte raise the potential absence of subject-matter

jurisdiction, and "[i]t is to be presumed that a cause lies outside this limited jurisdiction."  *Kokkonen*, 511 U.S. at 377.  As the parties invoking the Court's jurisdiction, Petitioners bear the burden of establishing that federal subject-matter jurisdiction exists over this dispute.  *See id.*

The Woodards styled this case as a habeas Petition [1], but it is unclear upon what authority they can seek habeas relief.  Under 28 U.S.C. § 2243, a court entertaining an application for a writ of habeas corpus "shall summarily hear and determine the facts, and dispose of the matter as law and justice require."  28 U.S.C. § 2243.  This statute authorizes a district court to summarily dismiss a habeas-corpus petition prior to any answer or other pleading by the government.  *See Gatte v. Upton,* No. 4:14-CV-376-Y, 2014 WL 2700656, at *1 (N.D. Tex. June 13, 2014).

A habeas petition "is the proper vehicle to seek release from custody."  *Carson v. Johnson*, 112 F.3d 818, 820 (5th Cir. 1997).  But if "a favorable determination would not automatically entitle the prisoner to accelerated release, the proper vehicle is a § 1983 suit."  *Id.* (quotations, citations, and alterations omitted).  Because there is no indication that a determination in Petitioners' favor would automatically entitle either them or their minor children to accelerated release, it does not appear that a habeas petition is the appropriate vehicle to use here.  *See id.*

To the extent Petitioners' minor children could be considered to be in state custody for purposes of 28 U.S.C. §§ 2241 or 2254,[1] "federal habeas has never been available to challenge parental rights or child custody." *Lehman v. Lycoming Cnty. Children's Servs. Agency*, 458 U.S. 502, 511 (1982). "Moreover, federal courts consistently have shown special solicitude for state interests 'in the field of family and family-property arrangements,'" *id.* at 511-12 (quoting *United States v. Yazell*, 382 U.S. 341, 352 (1966)), and the United States Supreme Court has held that "extending the federal writ to challenges to state child-custody decisions—challenges based on alleged constitutional defects collateral to the actual custody decision—would be an unprecedented expansion of the jurisdiction of the lower federal courts," *id.* at 512. Accordingly, the Supreme Court has held that § 2254 does not confer federal-court jurisdiction over such cases. *See id.* at 516; *Robinson v. Jones*, No. 1:25-CV-01243-DAE, 2025 WL 2938818, at *2 (W.D. Tex. Oct. 16, 2025) (relying upon *Lehman* and finding no jurisdiction over § 2241 habeas petition involving child custody matters). In addition, there is no indication that Petitioners have exhausted the remedies available in state court, or that such corrective process is unavailable, which is a showing they must make in order to file an application for a writ of habeas corpus. *See* 28 U.S.C. § 2254(b)(1)(A); *Brown v. Estelle*, 530 F.2d 1280, 1283-84 (5th Cir. 1976). With this authority in mind,

---

[1] *But see, e.g., Martin v. Ochonma*, No. SA-25-CV-00463-XR, 2025 WL 1392085, at *1 (W.D. Tex. May 9, 2025) ("The term 'custody' refers to individuals who, as a result of a criminal conviction, are subject to 'substantial restraints not shared by the public generally.'" (quoting *Stewart v. Downey*, No. 14-2901 CW, 2013 WL 5423795, at *1 (N.D. Cal. Sept. 27, 2013)).

Petitioners have not demonstrated that the Court has federal subject-matter jurisdiction to proceed in this matter.

It is also clear from the Petition [1] and its attachments that there is a state court judgment permitting the surgeries at issue. *See, e.g.,* Ex. [1-1] at 13 ("This letter serves as our formal request that you immediately file an emergency appeal and objection to the court's order authorizing surgical procedures for our son, [P.W.], including removal of his adenoids and placement of ear tubes."). "The *Rooker-Feldman* doctrine generally precludes lower federal courts from exercising appellate jurisdiction over final state-court judgments." *Miller v. Dunn*, 35 F.4th 1007, 1010 (5th Cir. 2022) (quotation omitted) (citing *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983)). Absent specific law otherwise providing, *Rooker-Feldman* "directs that federal district courts lack jurisdiction to entertain collateral attacks on state court judgments." *Liedtke v. State Bar of Texas*, 18 F.3d 315, 317 (5th Cir. 1994). It applies to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). This is precisely what Petitioners are attempting to do here, so the Court cannot exercise jurisdiction over this case for this reason as well. *See id.*; Pet. [1]. Dismissal without prejudice for lack of jurisdiction is warranted. *See Exxon Mobil Corp.*, 544 U.S. at 284; *Miller*, 35 F.4th at 1010; *Liedtke*, 18 F.3d at 317.

Finally, as for Petitioners' request to require Respondent to show cause why she should not be charged with "Kidnapping and Treason," Pet. [1] at 12, "decisions whether to prosecute or file criminal charges are generally within the prosecutor's discretion," and private citizens have "no standing to institute a federal criminal prosecution and no power to enforce a criminal statute," *Gill v. State of Texas*, 153 F. App'x 261, 262 (5th Cir. 2005) (per curiam).

### III. CONCLUSION

This Court lacks federal subject-matter jurisdiction to entertain Petitioners' case as pled, and it appears that their dispute more properly belongs in state court.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, Petitioners Heather and Brent Woodard's Emergency Petition [1] for Writ of Habeas Corpus is **DISMISSED WITHOUT PREJUDICE** for lack of subject-matter jurisdiction, and their Emergency Motion [2] for Temporary Restraining Order and Preliminary Injunction is **DENIED AS MOOT**.

**SO ORDERED AND ADJUDGED**, this the 11th day of March, 2026.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
CHIEF UNITED STATES DISTRICT JUDGE